IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHNATHAN C. LARGE,                )
                                   )
    Plaintiff,                 )
                                   )
                                   )    CIV-13-1180-F
v.                                 )
                                   )
BECKHAM COUNTY DISTRICT            )
    COURT, et al.,                )
                                   )
    Defendants.                )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In his Complaint filed November 4, 2013, Plaintiff has named as Defendants the "Beckham Co. Courts," the Beckham County "District Attorney's office," and the Beckham County "Sheriff's Dep.," "Jail Administration," and "personell [sic]," all located in Sayre, Oklahoma.

The relevant background and Plaintiff's claims are difficult to decipher. However, it appears that Plaintiff was arrested on criminal charges and detained in the Beckham County Jail and that he later pled guilty to one or more criminal charges. With respect to

---

[1]Plaintiff has filed eight other cases in this Court under the names Johnathan Large, Johnathan C. Large, Johnathan Charles Large, or Johnathan Charlse Large. Plaintiff previously filed two cases in this court under the name Johnathon C. Large.

1

those charges, he alleges that he was arrested on "[f]alse charges and/or misappropriated filings" and wrongfully imprisoned. He further alleges that "[t]hey are attempting to get other departments to assist them in having me tested for sanity and compatancy [sic] once again."

With respect to the conditions of the jail under which he was detained, Plaintiff alleges that other detainees "told [him] that the jail staff was telling them [he] was a child molester" and that unidentified individuals were "lableing [sic] me a potential child molester [and] meth addict and delusional." He alleges unidentified individuals "denied me medications for almost a year" and denied him "medical services." Plaintiff alleges that he was "assaulted on more than one occassion [sic] and still getting abused . . . by their prisoners and jail staff."

He further alleges unidentified individual staff denied him access to resources for "filing protective orders and restraining orders . . . to keep parties from illegal access to my bank accounts," "withheld [his] divorce summons," and denied him the ability to file "criminal charges on several occasions, even assault charges." In count three, Plaintiff alleges "neglect, abuse, stalking, and harrassment [sic], malitious [sic] prosecution, Liable [sic], [and] slander," but as supporting facts Plaintiff alleges again that he was wrongfully imprisoned, denied "divorce summons," and that unidentified individuals were "attampting to cover up their crimes by lableing [sic] me delusional."

As relief, Plaintiff demands "at least 1,000 dollars for each day I have spent in this illegal confinement situation." He further requests that Beckham County have a "nurses station," that "the abuse needs stopped," that "everyone needs to loose [sic] their jobs," and

2

"for them to face criminal charges under theese [sic] statue's [sic]."

At the time he filed his Complaint, Plaintiff was not detained in the Beckham County Jail and was confined at the John Lilly Correctional Center, a state correctional facility located in Boley, Oklahoma.

For the following reasons, it is recommended that the action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma,

519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Municipal Liability under § 1983

"A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiffs." Bryson v. City of Okla. City, 627 F.3d 784, 788 (10th Cir. 2010)(internal quotation omitted). A municipality may be held liable under § 1983 "only for its own unconstitutional or illegal policies." Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998). Therefore, a plaintiff must "identify 'a government's policy or custom' that caused the injury." Schneider v. City of Grand Junction Police Dep't, 717 f.3d 760, 769 (10th Cir. 2013)(quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978)).

Plaintiff has not alleged that Beckham County maintains an official policy, or even a custom or practice, that caused the alleged assaults, deprivation of medications or medical services, or risk of harm associated with labeling Plaintiff a "child molester" or "potential child molester." Thus, he has failed to state a plausible § 1983 claim for relief against Defendants Beckham County Courts, Beckham County District Attorney's office, and Beckham County Sheriff's Office.

Plaintiff names the Beckham County "Jail administration" and "personell [sic]" as Defendants, but he has not identified an individual as a defendant. It appears, therefore, that

Plaintiff is attempting to allege that jail supervisory officials are liable to him for violations of his constitutional rights committed by non-supervisory officials. However, "[s]ection 1983 does not authorize liability under a theory of respondeat superior." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Aschcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotations omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

To sufficiently allege the personal involvement of a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The plaintiff must also "show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. See Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013)("To establish a violation of §1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights."). Plaintiff's Complaint is devoid of the requisite allegations of personal participation or any discrete action taken by any supervisory official. Therefore, Plaintiff has failed to state a plausible § 1983 claim against any Defendant.

III. Heck's Bar to § 1983 Action Challenging Conviction and Sentence

Plaintiff claims that he was falsely arrested and charged and is wrongfully imprisoned. He provides no facts to support these claims directed to the criminal charges filed against him in Beckham County, and he even fails to identify what those charges were, although he admits he pled guilty to the charges and is now imprisoned as a result of the plea-based conviction(s). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 487.

Plaintiff claims damages from municipal entities, including the district court, sheriff's office, and district attorney's office, for, as best as it can be determined, insufficient evidence to support his conviction(s) and sentence(s). These claims should be dismissed without prejudice as barred by Heck because Plaintiff has not demonstrated that the conviction(s) and sentence(s) have been reversed or vacated.

IV. Frivolous Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the

alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A plaintiff must "allege sufficient facts that show - when taken as true - the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." Schwartz v. Booker, 702 F.3d 573, 579 (10th Cir. 2012).

Plaintiff's allegations that unidentified individuals denied him the resources he believed he needed for pursuing legal matters in state court, including filing protective orders, restraining orders, a divorce summons, or criminal charges against other individuals are frivolous as there is no plausible legal or factual basis for a § 1983 action based on these claims.

Plaintiff's allegations of "Harrassment [sic]" in count two and "Neglect, Abuse, Stalking, and Harrassment [sic], Malitious [sic] prosecution, Liable [sic], [and] Slander" in count three are merely conclusions without benefit of factual or legal support. He provides no facts sufficient to support a viable § 1983 claim for relief. As such, these claims are frivolous and should be dismissed on this basis.

V. Eleventh Amendment Immunity

States, state officials named in their official capacities, and "arms of the State" are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the

7

principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver). Although in some circumstances Congress may abrogate a State's sovereign immunity by legislation, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)(§ 1983 does not waive States' sovereign immunity).

Oklahoma has not consented to Plaintiff's suit against its state officials in their official capacities. See Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). Thus, the Eleventh Amendment bars Plaintiff's § 1983 action seeking damages from Defendant "district attorney's office," which is considered in Oklahoma to be an "arm of the state." Erikson v. Pawnee County Bd. of County Com'rs, 263 F.3d 1151, 1153 (10th Cir. 2001).[2]

Even if he could amend the Complaint to name an individual district attorney or prosecutor as a Defendant in his individual capacity, the claim would fail because a prosecutor is entitled to absolute immunity concerning advocacy-related decisions in initiating a prosecution and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409,

---

[2]Although "a suit for prospective relief against state officials named in their official capacities, based upon an ongoing violation of federal law, is not considered an action against the state within the meaning of the Eleventh Amendment," Muscogee (Creek) Nation v. Okla. Tax Com'n, 611 F.3d 1222, 1234 (10th Cir. 2010), Plaintiff has not alleged an ongoing violation of federal law).

8

430-431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted). This immunity extends to prosecutors' "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 910th Cir. 2009). This immunity is not defeated by allegations of perjury, suppression of evidence, or other wrongdoing. Esquibel v. Brian Williamson, 421 Fed.Appx. 813, 816 (10th Cir. 2010)(unpublished order)("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence."). Thus, Plaintiff cannot state a viable § 1983 claim against Defendant Beckham County "District Attorney's office."

VI. Claims for Injunctive or Declaratory Relief Mooted by Transfer

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot - i.e. where the controversy is no longer live and ongoing." Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974). Thus, a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured

9

[by the defendant] in the future." Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991).

At the time he filed his Complaint, Plaintiff was no longer being detained at the Beckham County Jail. Plaintiff's transfer of custody from the Beckham County Jail to another institution renders his requests for declaratory and injunctive relief related to the conditions of his confinement in the Beckham County Jail moot. See Wirsching v. Colorado, 360 F.3d 1191, 1196 (10th Cir. 2004)(inmate's release from prison moots his claims for declaratory and injunctive relief); McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999)(recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); Love v. Summit County, 776 F.2d 908, 910 n. 4 (10th Cir. 1985)(noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

VII. 42 U.S.C. § 1985

Plaintiff attempts to invoke the Court's jurisdiction under 42 U.S.C. § 1985. This statute concerns conspiracies to interfere with civil rights, including conspiracies "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)(internal quotations omitted)(discussing 42 U.S.C. § 1985(3)). Plaintiff has not alleged that any individual acted or failed to act because of a racial- or class-based discriminatory animus. Plaintiff has failed to plead specific facts sufficient to state a plausible § 1985(3) racial- or class-based conspiracy.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims against

Defendant Beckham County district attorney's office and claims seeking injunctive or declaratory relief be DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on grounds of immunity and mootness. It is further recommended that Plaintiff's remaining claims be DISMISSED without prejudice pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and as frivolous.

Finally, it is recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by       December 23rd      , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

      ENTERED this   2nd   day of    December   , 2013.

                                        GARY M. PURCELL
                                        UNITED STATES MAGISTRATE JUDGE